PER CURIAM.
The final order of the Education Practices Commission permanently revoking Williams’ teaching certificate is reversed and the cause remanded to the Commission for the entry of an order revoking the said certificate. The administrative complaint charging Williams with incompetency, gross insubordination, immorality, and misconduct in office expressly sought, as the severest penalty, the revocation of Williams’ certificate. Permanent revocation, the penalty imposed upon Williams by the Commission despite a recommendation by the hearing officer of revocation, is, under the applicable statute, not a species of revocation, but a separate and distinct— indeed greater — penalty:
“Education Practices Commission; authority to discipline.—
“(1) The Education Practices Commission shall have authority to suspend the teaching certificate of any person as defined in s. 228.041(9) or (10) for a period of time not to exceed 3 years, thereby denying him the right to teach for that period of time, after which the holder may return to teaching as provided in subsection (4); to revoke the teaching certificate of any person, thereby denying him the right to teach for a period of time not to exceed 10 years, with reinstatement subject to the provisions of subsection (4); to revoke permanently the teaching certificate of any person; or to impose any other penalty provided by law....”
§ 231.28(1), Fla.Stat. (Supp.1984).
Since Williams was not given notice by either the complaint or any later proceedings that he was at risk of having his license permanently revoked, the Commission’s imposition of the non-prayed-for relief of permanent revocation, even if justified by the evidence, was error.
Reversed and remanded with directions.